## CARTER *vs.* HOPE.

In an action *ex contractu* there is no variance between the allegation of a sole liability, in the declaration and bill of particulars, and proof of a joint undertaking by the defendant and another.

Where a declaration contained the general money counts, and the plaintiff furnished a bill of particulars, stating that he claimed a certain amount for cash lent and advanced to the defendant on a day specified ; and on the trial the plaintiff, for the purpose of showing the loan, offered in evidence a bank check in the amount, and of the date, specified in the bill of particulars, signed by the defendant and another person; *Held* that the same was admissible.

Carter v. Hope.

ERROR to the New-York common pleas. The declaration in the court below contained merely the common money counts. Plea non-assumpsit. A bill of particulars was served, which specified four items of cash lent and advanced by the plaintiff, to and for the defendant, and at his request, and interest on those sums. The only evidence offered, to show the loan, was the joint check of *Thompson & Carter* upon the Chemical Bank, dated Aug. 7, 1839, for $594,82. The counsel for the defendant admitted the signature of "Thompson & Carter" to the check to be in the hand-writing of the defendant, Carter, of that firm, but objected to the check being read in evidence; insisting that it was inadmissible under the pleadings and bill of particulars, the declaration being against the defendant Carter, alone, and the bill of particulars specifying a demand against him alone, while the check was the joint check of Thompson & Carter. But the court admitted the check in evidence, and the defendant excepted. The plaintiff then offered as a witness the cashier of the Chemical Bank, who testified that Thompson & Carter never had any funds, and never kept any account, in the Chemical Bank. The defendant moved for a nonsuit, on the grounds that the check was not admissible in evidence, under the pleadings and bill of particulars; and that no presentment of the check for payment, or notice of protest, had been proved. The judge denied the motion, and the defendant excepted. The jury, under the direction of the court, found a verdict for the plaintiff for the amount of the check, with interest, and the defendant brought a writ of error.

*L. R. Marsh*, for the plaintiff in error

*John E. Burrill, Jun.* for the defendant in error.

*By the Court*, EDWARDS, J.    It appears from the error book in this case, that the declaration of the plaintiff in the court below contained the general money counts; and that the plaintiff furnished a bill of the particulars of his demand, in which he stated, amongst other things, that he claimed the amount of

$594,82 for cash lent and advanced by the plaintiff to the defendant on the 7th of August, 1849. On the trial of the cause the plaintiff offered in evidence a bank check, in the amount and of the date, stated in the bill of particulars, and signed " Thompson & Carter." The counsel for the defendant admitted the signature of the check to be in the hand-writing of the defendant, but objected to its admissibility in evidence under the declaration and bill of particulars. The court admitted the evidence, and the counsel excepted.

It is an ancient and elementary rule of special pleading, that the non-joinder of defendants in an action *ex contractu* can only be taken advantage of by plea in abatement, and not under the general issue. (1 *Chitty's Pl.* 48. 2 *John. Cas.* 38.) One of the reasons assigned for this rule is, that evidence of a joint contract does not sustain the general issue, inasmuch as the defendant, in a joint undertaking, is liable for the whole amount, although another person is also liable, and as between themselves is bound to contribute. (*Rice* v. *Shute*, 5 *Burr.* 261.) In other words, there is no variance between the allegation of a sole liability and proof of a joint undertaking.

But it is contended in this case that the bill of particulars confines the plaintiff to proof of a several contract. In the case of *Pierce* v. *Crafts*, (12 *John.* 90,) it was held that the payee of a negotiable note might give it in evidence under the general count for money lent. It will be seen by reference to the bill of particulars, that it contains but a repetition of the count for money lent and advanced, with the additional statement of a specific amount and date. It will also be seen that the amount and date compared precisely with the check offered in evidence. How then can it be said that there is what the law regards as a variance ? If there would be no variance under a count for money lent, how can it be said that there is a variance between the proof and the same allegation of money lent, contained in the bill of particulars ? The plaintiff in error can not complain that he has been misled; for one of the reasons given why the objection of a non-joinder of defendants in an action *ex contractu* can only be taken by plea in abatement is, that the defendant ought

not to be permitted to lie by, and put the plaintiff to the delay and expense of a trial, and then set up a defense, not founded on the merits of the case, but on the form of the proceeding. (*Rice* v. *Shute*, 5 *Burr*. 261.) If the bill of particulars did not furnish sufficient information of the indebtedness to which it referred, the defendant below should have obtained a further bill. If it did furnish sufficient information, as it unquestionably did, then the reason of the rule cited has peculiar application to the circumstances of this case.

Judgment affirmed.

SAME TERM. *Before the same Justices.*