### FIRST NAT. BANK OF CLARION, PA., *v.* HAMOR.

*(Circuit Court of Appeals, Ninth Circuit. January 25, 1892.)*

DEFECT OF PARTIES—PLEA IN ABATEMENT.

The non-joinder of a co-debtor in a contract or judgment can only be taken advantage of where such omission does not appear on the face of the complaint, by a plea in abatement, and a defendant who fails to so plead is deemed to have waived the objection.

*(Syllabus by the Court.)*

Error to the Circuit Court of the United States for the District of Washington.

At Law. Action by the First National Bank of Clarion, Pa., against George D. Hamor on judgments obtained in Pennsylvania. From a judgment for defendant, plaintiff brought error. Reversed.

*W. C. Sharpstein*, for plaintiff in error.

Before DEADY, HAWLEY, and MORROW, District Judges.

DEADY, District Judge. The plaintiff in error brought an action at law against the defendant in error on three several judgments given on warrants of attorney in Clarion county, state of Pennsylvania, against the defendant and one E. Kuntz, for the sum, in the aggregate, of $6,374.45, with interest from dates in 1888 at the rate of 6 per centum.

The action was brought against Hamor alone, and the complaint states that the judgments were given against him, without mention of Kuntz.

The defendant answered, denying knowledge or information of the matter alleged sufficient to form a belief, and also made a defense to the effect that he was not a resident of the state of Pennsylvania at the date of the judgments, but of Washington, and that no process was ever served on him in the actions in which said judgments were given, nor did he appear therein, and that the appearance of any attorney for him was unauthorized.

The defense was contradicted by a reply, and the case was tried by the court without a jury.

To support his case the plaintiff offered in evidence duly-certified transcripts of the several judgments sued on, from which it appeared that they were given against Kuntz, as well as the defendant.

Objection was made to their admission, on the ground of variance between them and the complaint because of the non-joinder of Kuntz. The objection was sustained, and the defendant had judgment.

Various other rulings and proceedings appear in the record which have nothing to do with the merits of the case, or are not reviewable here. For instance, there was a motion for a new trial, which was denied. Now, the granting or denying a motion for a new trial rests, in the national courts, as at common law, in the discretion of the judge.

But it is clear that the learned judge of the court below erred in refusing to admit the transcripts in evidence on the ground of variance. They were undoubtedly admissible in support of the complaint, and fully proved the plaintiff's case.

It was long since settled at common law that one of several joint debtors on a contract or judgment may be sued alone, as upon a sole indebtedness; and, unless the non-joinder of his co-debtor is taken advantage of by a plea in abatement, it is waived. *Cocks* v. *Brewer*, 11 Mees. & W. 51; *Carter* v. *Hope*, 10 Barb. 180; 1 Chit. Pl. 48.

The codes of modern procedure have given this rule the force of statute. That of Washington provides, (section 189:) "The defendant may demur to the complaint when it shall appear upon the face thereof, either * * * (4) that there is a defect of parties plaintiff or defendant."

This defect (the non-joinder of Kuntz) did not appear on the face of the complaint, and the case is provided for in section 191, which reads: "When any of the matters mentioned in section 189 do not appear upon the face of the complaint, the objection may be taken by answer."

This answer is a substitute for the common-law plea in abatement, and only differs from it in name.

Section 193 provides: "If no objection be taken by either demurrer or answer, the defendant shall be deemed to have waived the same, excepting," etc., not including defects of parties. *Lee* v. *Wilkes*, 27 How. Pr. 336; *Pavisich* v. *Bean*, 48 Cal. 364.

The judgment is reversed, and the case is remanded for a new trial.