[No. 14443. Department Two. — August 6, 1892.]

JEROME CHURCHILL, APPELLANT, v. H. BAU-MANN ET AL., RESPONDENTS.

95  541
104  370
95  541
136   72
95  541
139  401

DIVERSION OF WATER — PARTICIPATION OF PLAINTIFF AS TENANT IN COMMON — PLEADING — DENIAL OF INJURY — ESTOPPEL. — In an action to recover damages for the alleged diversion of water by means of a dam constructed by the defendants, it may be shown as a defense, under the denial of injury to the plaintiff, that the plaintiff participated with the defendants in the maintenance of the dam and diversion of the water, as a tenant in common with the defendants; and it is not necessary specially to plead such fact as an estoppel. (By Sharpstein, J., and McFarland, J.)

ID. — CONSENT TO INJURY. — One who consents to an act which occasions him loss is not wronged by it.

PLEADING — ANSWER — NEW MATTER, — Any matter which does not dis-

charge or avoid a cause of action theretofore existing, but the purpose of which is to show that the alleged cause of action never did exist, and that material allegations of the complaint are not true, is not new matter such as is required to be specially pleaded.

ID. — DENIAL BY AFFIRMATIVE ALLEGATIONS — FINDING. — An issue may be taken upon a material allegation of the complaint by an affirmative allegation in the answer inconsistent with it; and a finding of affirmative facts which are inconsistent with an averment which the answer denies is a sufficient finding that the averment is not true.

APPEAL from a judgment of the Superior Court of Modoc County.

The facts are stated in the opinion.

*Spencer & Raker*, and *C. A. Raker*, for Appellant.

*J. D. Goodwin, D. W. Jenks*, and *Jenks & Claflin*, for Respondents.

VANCLIEF, C. — This action was commenced on the first day of April, 1889, to recover eight thousand eight hundred dollars damages from the defendants — seven in number — for the alleged diversion of water from a natural stream — Pine Creek — in Modoc County, during the years 1887 and 1888, to the injury of plaintiff's riparian and appropriated water rights below the point of diversion; and also to enjoin such diversion *pendente lite*, and upon the hearing, perpetually.

Judgment passed for defendants, and plaintiff appeals from the judgment on the roll and without a bill of exceptions.

The court found that in the early part of spring the stream affords 3,000 inches of water under a four-inch pressure, but in the dryest part of the year only 1,000 inches; that in June, 1882, the defendants and one J. Thad. Jones constructed a dam across the creek above plaintiff's riparian lands, and above all the points from which plaintiff diverted water, by which they diverted from the creek 550 inches of water into a ditch constructed by them, through which they conducted that amount of water to certain lateral ditches connected therewith, through which the water in the main ditch

was distributed among the owners in proportion to the quantity of land to be irrigated thereby, viz., 50 inches of water to 160 acres of land. None of the land irrigated by this water was riparian to the stream. J. Thad. Jones owned 160 acres of land, and was entitled to use, and did use, 50 inches of water from the main ditch to irrigate his land until October, 1885, when he conveyed his land and water right to the plaintiff; "that after said J. Thad. Jones conveyed said land to the plaintiff, and particularly during the years 1886 and 1887, plaintiff participated with and assisted the defendants in maintaining said dam, and in keeping said dam and ditch in repair, and acted in connection with them in diverting said amount of 550 inches of water from said stream by means thereof; and plaintiff, during the irrigating seasons of said years 1886 and 1887, did use the water so diverted from Pine Creek by means of said dam and ditch for irrigation upon said land (purchased from Jones), to the extent and amount theretofore claimed and used upon said land by his said grantor, J. Thad. Jones."

It was further found that plaintiff was in possession of all his riparian lands prior to 1882, and has been ever since; and that he had full notice of the construction of said dam, and of the diversion of 550 inches of water by the defendants and their grantors in June, 1882, and thence until October, 1885, when he purchased the interest of Jones, and during all that time had notice that defendants diverted the water under a claim of right; yet it does not appear that he ever objected to the construction of said dam, or the diversion of the water, until he did so by the commencement of this action.

As conclusions of law, the court found, among other things, that plaintiff is a tenant in common with the defendants in the dam, ditch, and water right; and that, by his participation and assistance in maintaining the dam and diverting the water, he is estopped from maintaining this action.

Counsel for appellant make the point that no estoppel was pleaded by defendants, and therefore the findings of

facts from which the conclusion of an estoppel is drawn are outside of the issues.

Conceding that there was no issue as to estoppel, it does not necessarily follow that the findings of fact from which the court drew the conclusion that plaintiff was estopped were not within other material issues; nor does it follow that those findings do not warrant the general conclusion of law, that plaintiff was not entitled to recover in this action. The facts found necessarily imply that from and after October, 1885, until after all the alleged injurious acts of the defendants had been done, the plaintiff consented to those acts; and consequently was not injured thereby, — *volenti non fit injuria.* In commenting upon this maxim, Mr. Broom says: "It is a general rule of the English law that no one can maintain an action for a wrong where he has consented to the act which occasions his loss" (Broom's Legal Maxims, side p. 265); and section 3515 of our Civil Code is to the same effect, — "He who consents to an act is not wronged by it."

Says Judge Cooley: "Consent is generally a full and perfect shield when that is complained of as a civil injury which was consented to. A man cannot complain of a nuisance the erection of which he concurred in or countenanced. He is not injured by a negligence which is partly chargeable to his own fault. A man may not even complain of the adultery of his wife which he connived at or assented to. . . . . But in case of a breach of the peace it is different. The state is wronged by this, and forbids it on public grounds." (Cooley on Torts, 2d ed., 187; *Corwin* v. *Railroad Co.*, 13 N. Y. 49; *Lyon* v. *Tallmadge*, 1 Johns. Ch. 187.)

It is alleged in the complaint that defendants forcibly and wrongfully diverted all the water from the creek during certain specified months in the years of 1887 and 1888, to the damage of the plaintiff in the sum of eight thousand eight hundred dollars.

The defendants denied that they ever diverted more than 550 inches of water, and on this issue the court

found in their favor. They further denied that by the diversion of the 550 inches the plaintiff was injured or damaged at all. Upon this issue they were entitled to prove the facts found, viz., that the plaintiff was interested with them in the dam and ditch, and for his own purposes co-operated with and assisted them in repairing and maintaining the same, and in diverting water from the creek, since he thereby necessarily consented to all the acts complained of. This was not such new matter as is required to be specially pleaded, since neither its purpose nor effect was to discharge or avoid a cause of action theretofore existing, but to prove that the alleged cause of action never did exist, by showing that the material allegation of injury and damage to plaintiff was not true. (Bliss on Code Pleading, secs. 352 et seq., and authorities cited.) An affirmative finding of facts inconsistent with an averment, and from which it necessarily follows that the averment is not true, is a sufficient finding that the averment is not true (*Coveny* v. *Hale,* 49 Cal. 552; *Water Co.* v. *Richardson,* 72 Cal. 598; *Miller* v. *Luco,* 80 Cal. 257); and it is well settled that an affirmative allegation may be traversed in pleading by an affirmative averment inconsistent with it. (*Miller* v. *Brigham,* 50 Cal. 615.) In the case at bar, however, the averment of injury to plaintiff was specifically denied, and the facts found, being wholly inconsistent with the averment, are equivalent to a direct negative thereof, and are sufficient to support the judgment.

As there is nothing in the record tending to show that plaintiff withdrew his consent before the commencement of this action, the averment in the complaint, that defendants threaten and intend to continue the acts complained of, should not be construed to mean that they intend so to continue without his consent; but only that they intended to do as they had done theretofore, as found by the court. Therefore, conceding that plaintiff might have been entitled to an injunction, on the ground of mere threats, without any actual infringe-

ment of his rights (as to which I express no opinion), there is no averment or finding that defendants have threatened or intend to divert water otherwise than they had done, viz., by plaintiff's assistance and consent. The finding of the court is, "that the defendants threaten and intend to continue to divert and use the waters of said stream, to the extent and in the manner hereinbefore found." And it is thereinbefore found, only, that the diversions complained of were made to the extent of 550 inches, and with the active co-operation and assistance of the plaintiff, and partly for his benefit. This finding, therefore, does not mean that the defendants threatened or intended to divert more than 550 inches, nor any quantity, without plaintiff's consent; and consequently does not show a threatened injury.

It is contended, however, that the finding that plaintiff assisted in repairing and maintaining the dam and ditch, and in diverting the water, etc., is inconsistent with another finding (24th), to the effect that "defendants and their associates" erected and maintained the dam and ditch, and diverted their several portions of water upon their respective tracts of land ever since the month of June, 1882.

But viewed in connection with the finding that J. Thad. Jones was one of the "associates" of defendants from June, 1882, until October, 1885, and that plaintiff succeeded Jones as an associate in October, 1885, the alleged inconsistency does not appear.

If the foregoing views of the case are correct, all other points urged by appellant are immaterial.

As to what may be the rights of the parties independently of plaintiff's consent to the acts complained of, it is not necessary nor intended to express or intimate an opinion.

I think the judgment is justified by the finding that the acts complained of were done with plaintiff's consent, and that it should be affirmed on that ground.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

SHARPSTEIN, J., McFARLAND, J.

DE HAVEN, J., concurring. — I concur in the judgment. The finding of the court below that plaintiff participated with defendants in the maintenance of the dam and diversion of the water of which he complains is a defense to the action. I do not, however, concur in so much of the foregoing opinion as holds that evidence tending to prove such defense was properly admitted under the denial that plaintiff sustained damage by reason of the matters alleged in his complaint. I think that such defense should have been specially set out in the answer. But this appeal is upon the judgment roll without any bill of exceptions, and upon this record the presumption is, that the evidence by which this defense was established was received without objection, and that the case was tried by consent of the parties, as if such defense had been specially alleged. This being so, appellant should not be permitted to urge here for the first time that no such issue was made in the court below. (*Horton* v. *Dominguez*, 68 Cal. 642.) The court below should have directed an amendment of the answer so as to conform to the proofs, but the judgment ought not to be reversed because such formal amendment was not made.

I do not understand that the case of *Ortega* v. *Cordero*, 88 Cal. 221, is necessarily opposed to these views. In that case the question was, what effect should be given to a finding which was inconsistent with a fact admitted by the pleadings, and it was in relation to this that the court said that there could be no presumption that the parties consented to treat admitted facts as in issue; that a judgment which was in conflict with a fact admitted upon the record could not be sustained, and that upon such a record there was no presumption that a party waived the benefit of an admitted fact. The question here is different. The finding which is claimed to be out-

side of the issues does not contradict any fact admitted upon the record, but simply avoids what would otherwise be the effect of matters alleged in the complaint and found by the court to be true.  If the plaintiff made no objection to trying such an issue, the court committed no error in admitting the evidence to prove it.  If, upon the other hand, such issue was tried, and evidence admitted against the objection of appellant, the fact should have been made to appear by a bill of exceptions.  Error cannot be presumed for the purpose of reversing a judgment.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.