### GREENE v. CITY OF TACOMA et al.

(Circuit Court, D. Washington, W. D. December 15, 1892.)

1. CIRCUIT COURT — JURISDICTION — AMOUNT IN CONTROVERSY — FOLLOWING STATE PRACTICE.

Under the provisions of the Washington Code, which, by Rev. St. § 914, operate as rules of practice in actions at law in the federal courts in that state, an allegation, in a complaint in ejectment in the United States circuit court, as to the value of the property in controversy, is material, and, when denied in the answer, raises an issue; and consequently, to sustain a judgment for plaintiff, the court must, where the action is tried without a jury, specially find that the value exceeds $2,000. Roberts v. Lewis, 12 Sup. Ct. Rep. 781, 144 U. S. 653, followed, notwithstanding Bank v. Hamor, 1 C. C. A. 153, 49 Fed. Rep. 45, and 7 U. S. App. 69, contra.

2. SAME—VALUE OF PREMISES IN EJECTMENT.

In ejectment against a city, which has projected a street through plaintiff's land, and an electric railway company using such street, the value of the land in controversy, for the purpose of determining the jurisdiction of the court, is, as to such railway company, not that of the land necessary for its tracks and for the posts supporting the electric wires, but the value of the whole street, where such company has not disclaimed as to any part of the demanded premises, and the pleadings show that all the ground within the street is in controversy.

At Law. Action of ejectment by Lillian I. Greene against the city of Tacoma, Tacoma Railway & Motor Company, and Steilacoom Railway Company. Judgment for plaintiff.

For decision overruling demurrer to complaint, see 51 Fed. Rep. 622.

J. C. Stallcup, for plaintiff.

F. H. Murray and Crowley & Sullivan, for defendants.

HANFORD, District Judge. The plaintiff is the owner of one acre of land situated in the city of Tacoma, and this action is to recover possession of a part of said acre, which the city has without legal authority taken possession of in the extension of one of the streets of the city. The Tacoma Railway & Motor Company is operating a street railway in said street. Said defendants have answered, denying the plaintiff's title, and denying the allegations of diverse citizenship and value, upon which the right of the plaintiff to sue in this court depends, and also setting forth certain affirmative defenses. By a written stipulation a jury was waived, and the case has been argued and submitted to the court upon the pleadings and evidence. There is no lack of evidence, nor conflict, as to the facts necessary to establish the plaintiff's title, nor as to the diverse citizenship of the parties; and to sustain the affirmative defenses pleaded by evidence the defendants have wholly failed.

The code of this state governing procedure in civil actions requires that the plaintiff's complaint shall contain a plain and concise statement of the facts constituting the cause of action, and allows the defendant to demur to the complaint if it appears upon the face thereof that the court in which an action is brought has no jurisdiction of the parties or of the subject-matter of the action. If, in fact, the court is without jurisdiction, but the defect does not affirmatively appear on the face of the complaint, such defect may be pleaded in the answer. A defendant may, in an answer, traverse the complaint by a general denial, or by a specific denial of the particular allegations which he wishes to controvert, and also set forth as many affirmative defenses as he may have. Section 914, Rev. St., in effect, makes these provisions of the Code operate as rules of practice in this court in actions at law, and dispenses with the necessity for a plea in abatement before answering to the merits when the jurisdiction of the court is contested. Under this system of practice, the allegation in a complaint as to the value of the property in controversy is material, and a denial of it in the answer raises an issue. Hence, to sustain the jurisdiction and support a judgment in favor of a plaintiff, this court must, in a common-law action tried without a jury, in which there is such an issue, make a special finding that the value of the property in controversy exceeds $2,000. Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. Rep. 781. The decision of the supreme court in the case just cited was rendered after the decision of the circuit court of appeals for this circuit in Bank v. Hamor, 7 U. S. App. 69, 1 C. C. A. 153, and 49 Fed. Rep. 45, and, in so far as the two decisions are inconsistent with each other, the former must be deferred to, being a declaration of the law by the highest authority. According to my understanding of the decision in Roberts v. Lewis, rule 7 of this court, which requires matter in abatement to be pleaded separately before answering to the merits, is not applicable to actions at common law.

To prove that the property in controversy is worth more than $2,000, the plaintiff called four witnesses, whose testimony is to the effect that the land taken by the city is of equal value with other portions of the acre, and their estimates as to the value of the entire acre vary from $7,000 to $8,000. This is met by an array of witnesses, called by the defendants, giving estimates of value of the entire acre, varying from $1,500 to $4,500. It is apparent to me that neither party called all the witnesses who could have been found to give a favorable estimate, therefore I give but little consideration to the fact that the greater number of witnesses examined were called by the defendants. It is also apparent from the testimony that the real value of the property is, on account of its situation and unimproved and unproductive condition, a matter of uncertainty. This land is part of the 60-acre tract involved in the partition suit of McDonald v. Donaldson, (recently decided in this court,) 47 Fed. Rep. 765. The price which the plaintiff paid for her property while the title was snarled, as shown by said decision, and before the partition made pursuant thereto, is manifestly no criterion of value. Some of the witnesses for the defendants confessedly rate the value of all of said 60-acre tract below that of other lands of no greater intrinsic value, on account of circumstances incident to the disputes and litigation concerning the title, which circumstances cannot, with fairness, be taken into account in estimating the value for the purpose of determining the question of jurisdiction, because the matters referred to can have only a temporary effect. Mr. Howell, who was called as a witness in behalf of the plaintiff, and Mr. Cavender, who was called by the defendants, impressed me as being equally candid, intelligent, and disinterested. The lowest estimates made by them, added together and divided by two, produces the sum of $5,500, which, in my judgment, is as fair an estimate of the value of the whole acre as can be made from the evidence in the case; and three eighths of this amount, to wit, $2,062.50, is the amount which I find to be the value of the property in controversy.

One of the points in the argument of counsel for the railway company is that only the land actually necessary for its track and the posts which support its electric wires should be taken into account in the estimate of value for the purpose of determining the jurisdiction as to said defendant. But the plaintiff has not subdivided the premises, and the law authorizes her to join as defendants all parties actually united in withholding possession from her. The railway company has not disclaimed as to any part of the demanded premises, but defends for the whole. The pleadings must show what is in controversy, and in this case do show that all the ground within the street is in controversy; and from the evidence I find that the value thereof is above the amount fixed as the limit of jurisdiction in this court. Judgment for plaintiff, with nominal damages and costs.