WHELAN v. RIO GRANDE WESTERN RY. CO.

(Circuit Court, D. Montana. October 25, 1901.)

No. 150.

1. PLEADING—PLEA IN ABATEMENT—MONTANA CODE.

The liberal construction of pleadings required by the Codes renders it immaterial what name is given to a pleading, and, although pleas in abatement are abolished by the Montana Code, which provides (sections 680, 684) that objections on the ground of a defect or misjoinder of parties, not appearing on the face of the complaint, may be taken by answer, a rule of the circuit court of the United States in that district, requiring all matters in abatement to be set up by a separate preliminary answer, is not inconsistent with such provision, and a plea in abatement filed in that court will be treated as such an answer, where it is the same in substance, and will be considered on its merits.

2. WRONGFUL DEATH—ACTION BY HEIRS UNDER MONTANA STATUTE—NECESSARY PARTIES PLAINTIFF.

Under the statutes of Montana the property of a deceased intestate who leaves no issue or husband or wife goes to his father and mother in equal shares. A special statute of the state also gives a right of action

for wrongful death to the heirs of the person killed. *Held*, that such right of action was joint, and an action could not be maintained by the mother alone where the father was also living, even though at the time the question was presented by a plea in abatement the right of the father to bring an action was barred by limitation.[1]

Action at Law to Recover Damages for Wrongful Death.    On plea in abatement.

John T. Casey, for plaintiff.

Robert Harkness and McBride & McBride, for defendant.

KNOWLES, District Judge.    The plaintiff brought this action against the defendant to recover damages for the death of her son, alleging that the same was occasioned by the negligence of the defendant.    She sets forth in her complaint that she is the mother of the said deceased and his sole heir at law.    To the complaint defendant filed what is termed a plea in abatement, in words as follows:

"Now comes the above-named defendant, and not confessing or acknowledging all or any of the matters or things in said plaintiff's amended complaint contained to be true as therein set forth and alleged, for plea in abatement to said complaint denies that said Katie J. Whelan is the sole heir at law of James H. Whelan, deceased, but, on the contrary, alleges that William Whelan, father of said James H. Whelan, deceased, named in plaintiff's amended complaint on file herein, is now, and at all the times mentioned in plaintiff's amended complaint has been, a resident of the state of Colorado, and that the said William Whelan is equally and jointly interested with the plaintiff above named as heir at law of the said decedent, in any alleged cause of action which the said plaintiff may have or claim to have against this defendant, and that the said William Whelan is a necessary party to the matters sought to be litigated herein; wherefore defendant pleads the said nonjoinder of the said William Whelan in this action in abatement hereof, and prays this court that this action be dismissed, and that defendant recover its costs herein expended."

The plaintiff demurs to this plea in abatement, because:

"(1) That said plea in abatement does not state facts sufficient to constitute a defense to plaintiff's cause of action. (2) That said plea in abatement does not state facts sufficient to constitute a plea in abatement in said cause, or raise a material or relevant issue therein."

The facts stated in the plea are sufficient.    Under the statute law of both Utah and of Montana it is provided that if a person dies leaving no issue nor husband or wife his estate must go to his father and mother in equal shares.    They are his heirs under these circumstances.    The statutes of both Montana and Utah provided:

"When the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death." Code Civ. Proc. Mont. § 579; Rev. St. Utah, § 2912.

The damages in this case accrued to the father and mother.    The plea shows that the father is a resident of Colorado, and denies that plaintiff is the sole heir.    It is urged that the plea is not sufficient, because pleas in abatement have been abolished in Montana under the Code of Civil Procedure, and that in actions at law, such as this,

[1] Statutory provisions as to death by wrongful act, see note to Railroad Co. v. Wilson, 1 C. C. A. 33.

by virtue of an act of congress it is provided that the federal courts shall follow the practice which prevails in the states where such issue is tried. It is true that the statute of Montana provides that the pleadings on the part of the defendant shall be "the demurrer to the complaint, the answer, the demurrer to the reply." In section 680 of said Code it is provided that the defendant may demur to a complaint on the ground "that there is a defect or misjoinder of parties plaintiff or defendant"; and in section 684 of said Code it is provided that, where this defect does not appear upon the face of the complaint, the objection may be taken by answer. Now, what is termed above a plea in abatement may be considered an answer. In many decisions the old name is still applied to that portion of an answer which performs the office of a plea in abatement. This is frequently done in the courts of California. In the following cases it is so used: Primm v. Gray, 10 Cal. 522; White v. Moses, 11 Cal. 68; Leonard v. Flynn, 89 Cal. 535, 26 Pac. 1099. Rule 10 of this court provides:

"All matters in abatement shall be set up in a separate preliminary answer in the nature of a plea in abatement, to which the plaintiff may reply or demur; and the issue so joined shall be determined by the court before matters in bar are pleaded."

It is then provided, if such matter is coupled with matters in bar or to the merits, the matter pleaded in abatement should be waived. This rule is similar to one that was enacted by the circuit court of California. In the case of Bank v. Hamor, 1 C. C. A. 153, 49 Fed. 45, this question was presented to the circuit court of appeals of this circuit. In its opinion the court said:

"This defect [the nonjoinder of Kuntz] did not appear on the face of the complaint, and the case is provided for in section 191 [Hill's Code 1887], which reads: 'When any of the matters mentioned in section 189 do not appear upon the face of the complaint, the objection may be taken by answer.' This answer is a substitute for the common-law plea in abatement, and only differs from it in name."

Under the rules that prevail in interpreting under the Code, the court does not look to the name given to any pleading, but to the facts set forth therein. Pom. Rem. & Rem. Rights, §§ 71–80. Considering the pleading as an answer, it distinctly raises an issue upon the allegation that the plaintiff is the sole heir of the deceased, and sets forth that William Whelan, the father of the deceased, is a joint heir with her, and is a resident of Colorado. An issue may be raised by affirmative allegations. Churchill v. Baumann, 95 Cal. 541, 30 Pac. 770.

The cases relied upon by the plaintiff are Roberts v. Lewis, 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579, and Greene v. City of Tacoma (C. C.) 53 Fed. 562. The only point decided by these cases that has any bearing upon the case here presented is that in setting up matters in the answer which amount to a plea in abatement is not waived by answering to the merits or in bar; that the question of jurisdiction may be raised by a denial of the allegations in the complaint setting forth facts showing jurisdiction. Matters in abatement were required by the decisions in California to be set forth spe-

cifically as new matter. Such an issue could not be raised by a general denial. The practice in the California courts has, as a rule, been followed by the courts of Montana. The Code of Civil Procedure of Montana has been copied from the Code of California. The right of the court to require that matters in abatement should be set up in a supplemental answer has a considerable support. In the case of Leonard v. Flynn, 89 Cal. 535, 26 Pac. 1098, the supreme court of that state says:

"In a case such as we have under investigation here, where, in addition to the defense of abatement by reason of the pendency of another action, the defendant relies upon other defenses which go directly to the merits of the cause, it would seem to be the better practice for the trial court to require the defendant to present his evidence upon the plea in abatement at the opening of his defense; for, if proven to be meritorious, it would, in many cases, save much useless labor and great expense."

In the case of Gause v. City of Clarksville (C. C.) 1 Fed. 353, Judge Treat said:

"This case furnishes an apt illustration. The time of counsel and court has been occupied for a long period on the merits of this controversy, when, if a plea in abatement had been interposed, a few hours might have sufficed for its determination. If the court, through issues made by pleas in abatement or in bar, had ascertained that no jurisdiction exists, its judgment would be dismissed without passing on the merits."

If a court has the right to determine that an issue presenting matters in abatement should be tried before the issues upon the merits, it would seem that it should have the power to direct that this issue should be presented in a preliminary answer before an answer on the merits. Let the rule, however, requiring that matters in abatement should be set up in a preliminary answer, be set aside; still this answer does raise in this case a material question, namely, the right of plaintiff to maintain this action. It is a defense which goes to the whole case. Navigation Co. v. Wright, 8 Cal. 585. It is claimed, however, that the issue presented is not a material one, because, admitting that the husband and joint heir is alive, she can maintain this action alone as the right of the said William Whelan to maintain this action is barred by the statute of limitations. This question was presented in the well-considered case of Railroad Co. v. Needham, 3 C. C. A. 129, 52 Fed. 371. There it was held by the circuit court of appeals of the Eighth circuit, that it would not consider this point because the right to maintain that action by one of the heirs had been presented before the period of two years in which the statute provided the action could be brought had expired, and because, the other heir not being a party to the action, his rights could not be determined. The facts presented in that case are similar to those which confront the court in this case. It was also held in that case that, where a remedy was given for damages to heirs on account of the death of a party caused by negligence, and which remedy was unknown to the common law, all the heirs must join in the action. The statute of Montana gives a remedy to the heirs of a deceased person for negligence in killing him. It is a special statute. Under such circumstances the rule expressed in this special statute will be considered as an exception to any rule expressed

in a general statute. The heirs of the deceased, James H. Whelan, were given a joint right to recover damages for his death. This right can only be enforced by a joint action. One of such heirs had no right to such damages individually.

The answer setting up matters in abatement was not an immaterial pleading, but presented a substantial issue.

The order of the court therefore is that the demurrer to said preliminary answer be overruled, and that the motion of the plaintiff for a judgment on the pleadings be denied.