[Civ. No. 2767.   First Appellate District, Division Two.—April 25, 1919.]

## CHARLES ADLER, Respondent, v. F. W. SAWYER, Appellant.

[1] CONTRACTS—PURCHASE OF NOTE—INDEMNITY AGAINST LOSS—CONSIDERATION—FINDINGS.—In an action upon an agreement made subsequent to the sale of a promissory note and its security whereby the defendant agreed to protect plaintiff against loss or damage arising from the sale thereof by defendant himself, it is not necessary to decide whether the contract sued upon is a contract of guaranty and supported by a sufficient consideration where it is found that the contract was supported by a sufficient consideration.

[2] FINDINGS—CONFLICT—CONSTRUCTION OF.—The findings of the trial court are to be liberally construed in support of the judgment, and all the findings are to be read together. If possible, they are to be reconciled so as to prevent any conflict on material points.

[3] JUDGMENT—REVERSAL—CONFLICTING FINDINGS.—A judgment will not be reversed on the ground of conflict in the findings unless the findings are incapable of being harmoniously construed.

[4] PLEADING—ISSUE AS TO CONSIDERATION—FINDINGS—APPEAL—PRESUMPTION.—Even if the allegations of the complaint and answer in an action upon a contract do not raise the issue of the consid-

eration for the execution of the contract, upon an appeal on the judgment-roll alone, it must be presumed in support of the judgment of the trial court that the evidence by which the existence of a sufficient consideration was established was received without objection, and that the case was tried by consent of the parties as if such issue had been properly raised.

[5] CONTRACTS — INDEMNITY AGAINST LOSS ON PURCHASE OF NOTE— STATUTE OF LIMITATIONS.—An agreement made subsequent to the sale of a promissory note and its security to protect the purchaser against any and all possible loss or damage that he might sustain by not being able to in any manner realize the full benefits of the note and security or to recover the full amount of said note is a contract of indemnity, rather than a contract of guaranty, and a right of action thereon does not accrue against the indemnitor until the person suffers the loss against which the contract protects him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. W. Sawyer, *in pro. per.*, for Appellant.

Gerald C. Halsey for Respondent.

HAVEN, J.—Defendant appeals upon the judgment-roll alone from a judgment rendered against him in an action upon a written contract of indemnity. On August 18, 1911, in consideration of the payment of three thousand dollars, the defendant sold and transferred to plaintiff a certain promissory note in that amount, dated July 17, 1909, the payment of which was secured by a deed of trust. On September 22, 1911, defendant executed and delivered to plaintiff the contract sued upon. That document recites the prior sale of the note to the plaintiff, the receipt of the consideration by the defendant, the fact that statements had been made as to the possible invalidity of the note, and concludes as follows: "Said F. W. Sawyer hereby agrees to protect said Charles Adler against any and all possible loss or damages that he may sustain by not being able to in any manner realize the full benefits of note and trust deed or to recover the full amount of said note and trust deed from any reason, whatever, arising out of the transaction."

Appellant contends that this contract is one of guaranty and, as such, it is unsupported by a sufficient consideration, for the reason that it was not entered into at the same time as the original obligation and did not form a part thereof, and that the record shows there was no distinct consideration therefor as required by section 2792 of the Civil Code. The argument is based upon the allegations of the complaint and the findings, a portion of which are set forth in appellant's brief. The full record on this matter is as follows:

In the complaint it is alleged: "That subsequent to the transfer of the said note and of the said deed of trust by the said defendant F. W. Sawyer to the said plaintiff Charles Adler above mentioned and alleged, said defendant F. W. Sawyer and the said plaintiff Charles Adler entered into a certain agreement in writing, wherein and whereby for the original consideration paid by the said Charles Adler to the said defendant F. W. Sawyer for the transfer of the said note and of the said deed of trust and for other reasons expressed therein, the said defendant F. W. Sawyer agreed to protect the said Charles Adler against any and all possible loss for damage that he might sustain," etc. In his answer the defendant denies: "That the alleged agreement in said complaint alleged to have been entered into between Charles Adler and defendant F. W. Sawyer, was entered into for any other consideration than is expressed in said agreement." Upon this issue the court found: "That all of the allegations of plaintiff's complaint on file herein are and each of them is true and correct, and fully sustained by the evidence, and the court further finds that there was a good and sufficient and valuable consideration for the making and execution and delivery of all of the written instruments particularly described in plaintiff's complaint." (The contract sued upon was one of the instruments thus referred to.) "And the court further finds that the defendant, Sawyer, for a good and sufficient and valuable consideration on the twenty-second day of September, 1911, agreed to protect plaintiff against any and all possible loss or damages that plaintiff might sustain by not being able to in any manner realize the full benefits of the note and trust deed described in plaintiff's complaint, or to recover the full amount of said note and trust deed from any reason whatever."

[1]  A guaranty is defined as "a promise to answer for the debt, default, or miscarriage of another person." (Civ. Code, sec. 2787.)  In the contract here involved defendant agreed to protect plaintiff against loss or damage arising from the sale by defendant himself of the promissory note and its security.  Section 2792 of the Civil Code is applicable to contracts of guaranty only.  Upon the question of consideration, it is not necessary to decide whether the contract sued upon comes within that category.  Even if it be assumed that the section relied upon applies to this particular contract, the contention of appellant is without merit. [2]  The findings of the trial court are to be liberally construed in support of the judgment, and all the findings are to be read together.  If possible, they are to be reconciled so as to prevent any conflict on material points.  [3]  A judgment will not be reversed on the ground of a conflict in the findings unless the findings are incapable of being harmoniously construed.  (*Ames* v. *City of San Diego,* 101 Cal. 390, 395, [35 Pac. 1005] ; *Haight* v. *Haight,* 151 Cal. 90, 92, [90 Pac. 197].)  So reading and construing the findings before us, it is clear that the court found that the contract sued upon was supported by a good and sufficient and valuable consideration, and that there is no such conflict in the findings as to lead to a reversal of the judgment.  The allegations of the complaint and answer raised the issue of the consideration for the execution of the contract.  [4]  But, even if they did not, upon this appeal on the judgment-roll alone, it must be presumed in support of the judgment that the evidence by which the existence of a sufficient consideration was established was received without objection, and that the case was tried by consent of the parties as if such issue had been properly raised.  (*Churchill* v. *Baumann,* 95 Cal. 541, 547, [30 Pac. 770].) ·

[5]  It is further contended by the appellant that the action is barred for the reason that the contract was dated September 22, 1911, and this action was not commenced until July 6, 1917.  The contract sued upon is not a guaranty of payment of the promissory note transferred by defendant to plaintiff, but is, rather, a contract of indemnity against loss by reason of the inability of the plaintiff to realize upon the note and the security therefor.  There is a marked difference between these two classes of contracts.  Under a guar-

anty of payment, the liability of the guarantor becomes fixed by the failure of the principal debtor to pay at maturity; but under a contract of indemnity against loss, no right of action accrues against the indemnitor until the person indemnified suffers the loss against which the contract protects him. In this case the plaintiff's cause of action against the defendant upon the contract arose when it was determined that plaintiff would not recover the full amount of the transferred note. In the absence of any evidence, we are unable to determine when this loss occurred and plaintiff's right of action accrued. The trial court found, however, that plaintiff's cause of action was not barred by any of the provisions of the Code of Civil Procedure relied upon. It must be presumed that this finding was sustained by sufficient evidence.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 23, 1919.