Filed 7/17/15  Huntington Pacifica-Monterey, Inc. v. Fox CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HUNTINGTON PACIFICA-MONTEREY, INC.,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STEVEN R. FOX,<br><br>Defendant and Appellant. | G049680<br><br>(Super. Ct. No. 30-2012-00608310)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.

Philip D. Dapeer for Defendant and Appellant.

Larry J. Lichtenegger and Everett L. Skillman for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Steven R. Fox guaranteed the rent payments from Health Essist, Inc. (Health Essist), to a commercial lessor, Huntington Pacifica-Monterey, Inc. (Huntington). Huntington sued Fox under the guaranty, and judgment was entered in Huntington's favor after a bench trial. On appeal, Fox argues the guaranty was not supported by consideration because it was signed after the lease was executed. Fox's contention is without merit. There was substantial evidence that the lease and the guaranty were signed at the same time; a presumption of consideration arises with respect to the guaranty because it is in writing; the language of the guaranty makes the leasing of the property consideration for the guaranty; Fox never raised lack of consideration as a defense; and there was evidence Health Essist was not permitted to move into the office space until after the guaranty was signed. We therefore affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Health Essist leased office space from Huntington. Fox, who was the owner and chief executive officer of Health Essist, signed a personal guaranty of the lease. Health Essist fell behind on its rent payments. Eventually, Huntington filed an unlawful detainer action against Health Essist, and evicted it.

Huntington sued Fox to recover the amounts due under the guarantee. After a bench trial, the court issued a proposed statement of decision, in which it found (1) Fox executed the guaranty, (2) there was consideration for the guaranty, and (3) Huntington was due $97,249.19 from Fox. Judgment was entered in favor of Huntington and against Fox; Fox timely appealed.

DISCUSSION

We review the evidence in the light most favorable to Huntington to determine whether substantial evidence supports the trial court's judgment. (*Jameson v. Five Feet Restaurant, Inc*. (2003) 107 Cal.App.4th 138, 143.)

2

Fox contends the guaranty was unenforceable because there was no consideration for it. "Where a suretyship obligation is entered into at the same time with the original obligation, or with the acceptance of the latter by the creditor, and forms with that obligation a part of the consideration to him, no other consideration need exist. In all other cases there must be a consideration distinct from that of the original obligation." (Civ. Code, § 2792.)

Fox did not plead lack of consideration as an affirmative defense in his verified answer to the complaint, and Fox's claims on appeal fail for this reason alone. (*Elster's Sales v. Longo* (1970) 4 Cal.App.3d 216, 221-222.) Further, the rule is well settled that consideration for a written guaranty is presumed, even for a loan made after the execution of the guaranty. (Civ. Code, § 1614; *Elster's Sales v. Longo*, *supra*, at p. 221; *Bank of America v. Granger* (1931) 115 Cal.App. 210, 219.) The burden of showing lack of consideration for a guaranty contained in a written instrument is on the party challenging the guaranty's validity. (*Challenge-Cook Bros., Inc. v. Lantz* (1967) 256 Cal.App.2d 536, 539.)

According to Fox, the guaranty was signed after the lease, with no separate consideration. As relevant to this issue, the proposed statement of decision reads: "The evidence unmistakably established that Guaranty was an integral part of Huntington's decision to lease the property to Health Essist, Inc. The Lease at page iv specifically referenced the Guaranty, and incorporated it by reference. More importantly, T[eresa] Chakl[o]s testified that Huntington would not have leased the property to Health Essist without Fox executing the Guaranty. Although Fox testified he did not sign the Guaranty until a few days after he signed the Lease, this testimony was contradicted by more credible testimony given by Chakl[o]s, who said both documents were signed on the same day. Moreover, even if the two documents had been signed days apart, the evidence demonstrates that Health Essist was not allowed to fully move in until February [2]4, the day after Fox signed the Guaranty."

3

The lease between Health Essist and Huntington does not have dates on the signature page. The lease provides that it was "entered into this 20th day of February, 2009, by and between Landlord and Tenant." (Underscoring omitted.) But the file names and paths in the lease footers show a date of either February 23 or February 24.

The guaranty, which was signed on February 23, 2009, specifies that it was "a material inducement to and in consideration of Huntington . . . entering into a written lease . . . with Health Essist . . . for the lease of that certain real property described in the Lease."

Teresa Chaklos, the leasing director for Huntington in 2009, testified Fox signed the lease and the guaranty on February 23, 2009. A document from Huntington's file regarding Health Essist shows a move-in date of February 24, 2009.

Fox testified that he signed the lease on an unspecified date before he signed the guaranty on February 23. Fox also testified (1) Chaklos allowed him to move into the office space before the lease was signed,[1] (2) there were no discussions of the need for a guaranty before the lease was signed, and (3) Fox was never asked to submit and never submitted any financial statements or other documents for the company or for himself to Huntington.

Substantial evidence supports the trial court's finding that the lease and the guaranty were signed at the same time. Even if the guaranty was signed after the lease, substantial evidence supported the judgment because (1) there was evidence that Health Essist was not permitted to move into the office space until the guaranty was signed; (2) the guaranty is in writing, which creates a presumption of consideration; and (3) the

---

[1] David Bradburne, the owner of the property management company for Huntington, testified Fox would not have been given the keys to the office space before the lease was signed and a check for a security deposit and the first month's rent was received.

language of the guaranty makes clear that it was part of the consideration for Huntington to lease the office space to Health Essist.

Fox string-cites several cases which he contends support his position. Fox fails to even cite us to the relevant pages of these cases, much less identify the holdings or analyses that are relevant to the issue of this case. Unfortunately for Fox, all of the cases he cites either support Huntington's position, or are factually distinct; none supports his contentions in this appeal.

In *Challenge-Cook Bros., Inc. v. Lantz*, *supra*, 256 Cal.App.2d at page 539, the guarantor contended there was no consideration for the guaranty, which he claimed was executed three weeks after the lease was signed. The record was "silent" as to when and how the lease and guaranty were signed. (*Ibid.*) Based on the lack of evidence, the presumption of consideration arising from the guaranty being in writing, and the guarantor's failure to sustain his burden to prove a lack of consideration, the appellate court concluded the trial court's finding that the guaranty was supported by consideration could not be reversed. (*Id.* at p. 540.)

In *Pierce v. Wright* (1953) 117 Cal.App.2d 718, 720-722, the defendant, who had signed a personal surety bond for a construction loan, appealed from the judgment against him, in part, on the ground that the bond was not supported by consideration. Although the bond was executed after the loan was made, and even after construction had begun, the appellate court concluded the bond was supported by valid consideration because (1) the loan contract required the execution of the bond; (2) the written bond was presumptive evidence of consideration; and (3) the defendant had failed to meet his burden of overcoming the presumption that valid consideration existed. (*Id.* at pp. 722-723.)

In *Rusk v. Johnston* (1937) 18 Cal.App.2d 408, 409, the appellate court concluded substantial evidence supported the trial court's factual finding that the guaranty was not supported by consideration. *Rusk v. Johnston* differs from the present

5

case because lack of consideration was pleaded by the defendant, and because there was substantial evidence that the guaranty was not executed, and indeed was not even requested, before the promissory note was signed. (*Ibid.*)

In *Oakland Bank of Commerce v. Washington* (1970) 6 Cal.App.3d 793, the appellate court held, "[t]here was consideration for the guaranty, as a matter of law" (*id.* at p. 797), although the guaranty was signed after the underlying agreement was signed, because the evidence supported the presumption of consideration (*id.* at pp. 796-797).

In *Kafka v. Bellevue Corp.* (7th. Cir. 1993) 999 F.2d 1117, the court considered whether an alleged oral guaranty of a previously incurred debt was supported by consideration. Because the alleged guaranty was oral, not written, the presumption of consideration did not apply, making *Kafka* inapplicable to the issues presented by this case.

In *Estate of Thomson* (1913) 165 Cal. 290, 296-297, the court held there was consideration for a guaranty of promissory notes, which were entered into before the written guaranty was executed. Again, the appellate court's focus was on the existence of a written guaranty, the guaranty's reference to the forbearance, and the burden on the guarantor to disprove the existence of consideration.

In *Adler v. Sawyer* (1919) 40 Cal.App. 778, 781, the appellate court affirmed the trial court's factual finding that the guaranty was supported by consideration. Although the guaranty was not signed at the same time as the promissory note it guaranteed (*id.* at p. 780), the defendant guarantor failed to raise the issue of lack of consideration in the responsive pleading, and the evidence supported the trial court's finding that sufficient consideration was exchanged (*id.* at p. 781).

DISPOSITION

The judgment is affirmed.  Respondent to recover costs on appeal.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.

7