## CLARK *vs.* HACKETT.

1. This court will award a certiorari when diminution of the record is suggested, even at the third term, if the delay be accounted for; but the hearing of the cause will not be postponed on that account.

2. Where a party contested with his own assignee in bankruptcy the right to a fund, and the controversy was decided in favor of the assignee by the Circuit Court, whose decree was affirmed by this court, the same question cannot be litigated again.

3. Where the bankrupt before the distribution of the fund among the creditors filed a bill impeaching the decree of the Circuit Court and of the Supreme Court for fraud of the parties, (including his own counsel,) and entirely failed to establish his allegations, the bill must necessarily be dismissed.

This was an appeal from the Circuit Court of the United States for the district of New Hampshire, brought up, filed and docketed in this court to December term, 1859. On the 3d of January, 1862, the cause being No. 67 on the docket of the present term,

*Mr. Black*, of Pennsylvania, for appellant, suggested diimnution of the record, and moved for a certiorari on affidavits, which accounted for the delay.

*The Appellee* (a counsellor of this court) appeared *in propria persona*, and resisted the motion on the ground that it was too late : this was the third term.

THE COURT awarded the certiorari; but added, that if the cause should be reached before a return, the certiorari would not be regarded as a reason for continuance.

The cause was afterwards reached in its regular order, and the argument was directed to proceed.

*Mr. Hackett* argued it for himself.

No counsel appeared for appellant.

Mr. Justice NELSON. , This bill was filed by the complainant, Clark, against Hackett, the defendant, to set aside a decree of the Circuit Court of the United States of the District of Columbia, and also of this court affirming that decree, on the ground that they were procured by the fraud of the parties, and of the complainant's solicitor and counsel. The suit in the Circuit Court of the District of Columbia was instituted by Benjamin C. Clark, a judgment creditor of the present complainant, for himself and other creditors, claiming a fund in the hands of the treasury of the United States, which had been awarded to the debtor by the commissioners under the treaty with the republic of Mexico. After the filing of this bill, the present respondent, Hackett, who was the assignee in bankruptcy of the present complainant, filed a bill, praying leave to come in under the creditors' bill, setting up a title to the whole of the fund in question, for the purpose of distribution among the creditors of the bankrupt. The present complainant, the bankrupt, appeared and answered these bills, and afterwards the case was heard on the pleadings and proofs, and a decree rendered by the court in favor of the assignee. The court also directed the fund to be remitted to the District Court of the United States for the district of New Hampshire, in which the bankrupt proceedings had taken place, for a distribution among the creditors by that court, as a part of the

*Clark* vs. *Huckett.*

assets of the bankrupt. An appeal was taken from the decree by the respondent to this court, and which was affirmed, as will appear by the report of the case in 17 How., 315, and the cause remanded to the Circuit Court. The fund was afterwards, in pursuance of the decree below, remitted to the District Court of New Hampshire. While it remained in that court, and before distribution among the creditors, the complainant, the bankrupt, filed the present bill for the purpose of setting aside the decree of the Circuit Court of this District, and of the Supreme Court affirming it, on the allegations of fraud committed by the parties, including his own solicitor and counsel, in procuring these decrees, and claiming that he was entitled to the fund, and that payment should be made to him accordingly.

The court below, after hearing the case on the pleadings and proofs, which were voluminous, held, that the evidence entirely failed to establish the allegations of fraud, and dismissed the bill. It is now here on appeal. The case is a very plain one; and we need only say, that the court, upon the pleadings and proofs, could come to no other conclusion.

*Decree of the Circuit Court affirmed.*