[Department One. — January 24, 1884.]

JOHN McLAUGHLIN, Respondent, v. HENRY DEL RE ET AL., Appellants.

Findings — Equitable Action — Injunction — General Verdict. — An action to restrain the continuance or repetition of a trespass of a character to produce irreparable injury, and for damages already suffered, is an equitable action, and the issues of fact raised by the pleadings should be tried by the court, unless submitted by the court to a jury. A judgment in such a case based upon a general verdict of a jury cannot stand.

Appeal from a judgment of the Superior Court of Calaveras County, and from an order refusing a new trial.

The complaint alleged that the plaintiff being the owner of a certain placer mining claim appropriated for the purpose of working the same, the waters of a certain creek or gulch by means of a ditch and flumes, and that while in the possession and use of said ditch, the defendants began mining, by the hydraulic process, on the hill side sloping into the gulch whereby large quantities of earth and debris were thrown down and deposited in the gulch, and run into and filled up the ditch, and prayed that defendants be perpetually enjoined from continuing such acts, and for damages already suffered therefrom. The defendants claimed that for more than twenty years they had possessed and worked their mining claim, and had used the gulch or creek as a tail-race and receptacle for their tailings and debris, and that plaintiff entered upon the claim while the defendants were working it and constructed the ditch and flumes at his own peril. A jury was empaneled to try the action and after hearing the evidence found a verdict "for the plaintiff for four hundred and seventy dollars damages"; upon which the court without making findings ordered that plaintiff recover of defendant the sum of four hundred and seventy dollars, and perpetually enjoined the defendants from continuing the acts complained of. The remaining facts appear in the opinion of the court.

John B. Reddick, Wm. T. Lewis, and Cyril V. Grey, for Appellants.

*Ira H. Reed*, for Respondent.

McKINSTRY, J.— The action is neither to recover specific property, nor for money claimed as due upon contract, or as damages for breach of contract; nor "for injuries" simply. The issues of fact ought, therefore, to have been tried by the court, unless the court saw fit to order any or all of them to be submitted to a jury. (Code Civ. Proc. § 592.)

The action is in equity, the main purpose of it being to obtain a final decree restraining the continuance or repetition of the trespasses alleged, which are of a character, as claimed, to produce irreparable injury. (Code Civ. Proc. § 526.) The facts alleged appeal to a court of equity, for preventative relief, on the grounds that pecuniary compensation would not afford adequate relief, and that restraint is necessary to prevent multiplicity of suits. (Code Civ. Proc. § 3422.)

Judgment and order reversed and cause remanded with direction to the court below (on the testimony already taken and such further testimony as may be taken before the court) to find the facts and enter appropriate judgment thereon.

McKEE, J., and ROSS, J., concurred.