[No. 18164.   In Bank.—October 4, 1894.]

# JEROME CHURCHILL, APPELLANT, v. H. BAUMANN, RESPONDENT.

ACTION FOR DIVERSION OF WATER—CONSENT OF PLAINTIFF—BAR TO RE-
COVERY.—In an action for the diversion of water by means of a dam and
ditch, and to abate the dam as a nuisance, and to recover damages for
the diversion, where it appears that the plaintiff had consented to all of
the acts complained of, he is not entitled to recover.

ID.—EVIDENCE OF CONSENT—PARTICIPATION IN ACT COMPLAINED OF.—
Evidence showing that the plaintiff purchased an undivided share of the
dam and ditch, and water thereby diverted, and assisted in repairing
and tightening the dam, and acquiesced without objection in the con-
struction of the dam and ditch, and the diversion of the water thereby,
until the commencement of the action, is sufficient to prove his consent
to the acts in which he participated.

ID.—FINDING OF CONSENT—PLEADING—PRESUMPTION UPON APPEAL.—Al-
though the consent of plaintiff is not formally pleaded as a defense, yet
where the court finds that the plaintiff consented to the acts complained
of, it will be presumed upon appeal, where the contrary does not appear
from the record, that the evidence for which the defense was established
was received without objection, and that the case was tried by consent
of the parties as if such defense had been specially alleged.

ID.—SECOND APPEAL—LAW OF CASE.—Where the record upon a second ap-
peal is the same as upon a former appeal the decision rendered upon
the former appeal becomes the law of the case.

ID.—EFFECT OF CONSENT—PRIOR RIGHTS.—The consent of the plaintiff to
the diverson by his cotenants is a defense to the action for such diversion,
without regard to the question of plaintiff's alleged prior rights, and it
is unnecessary to consider any question as to priority of right which the
plaintiff may have had to divert water from the same stream through
other ditches, independently of such consent.

ID.—JURY TRIAL—EQUITABLE ACTION—INJUNCTION—DAMAGES.—A plain-
tiff is not entitled to a jury trial in an equitable action for an injunction
to restrain the diversion of water and to abate a dam and ditch as a
nuisance, although there is joined therewith a claim for damages suffered
in consequence of past diversion of water.

APPEAL from an order of the Superior Court of Modoc
County denying a new trial.

The facts are stated in the opinion of the court.

*Spencer & Raker,* and *Clarence A. Raker,* for Appellant.

*J. D. Goodwin, D. W. Jenks, Goodwin & Goodwin,* and
*Jenks & Claflin,* for Respondent.

CIV. CAL.—24

The COURT.—Upon a reconsideration of the questions involved in this appeal we are satisfied with the conclusion reached by Department One in its opinion filed herein March 10, 1894, and for the reasons stated in that opinion the order appealed from must be affirmed.

Order affirmed.

BEATTY, C. J., dissenting.—I dissent.    Under our practice I think a plaintiff may couple an application for an injunction to restrain future trespass with an action for damages for past trespasses of the same character, and that notwithstanding his prayer for equitable relief he is entitled to a jury trial of the issues involved in his action for damages.

The following is the opinion of Department One above referred to:

The COURT.—Action to enjoin the defendants, perpetually, from diverting water from a stream called " Pine creek," by means of a dam across the same and a ditch leading therefrom, alleged to have been wrongfully constructed and maintained by the defendants; and also to abate the dam as a nuisance, and to recover damages alleged to have been suffered by plaintiff in consequence of such diversion of water during the years 1887 and 1888.

The case was here on a former appeal from the judgment, on the judgment-roll.    On that appeal the judgment was affirmed, on the ground that the trial court found as a fact that the plaintiff had consented to all the acts complained of.    (*Churchill* v. *Baumann*, 95 Cal. 541.)

The present appeal is from an order denying plaintiff's motion for a new trial; and, in view of the judgment on the former appeal, raises only two questions which need be considered, namely: 1. Is the finding of plaintiff's consent to the acts complained of justified by the evidence?    2. Did the court err in refusing a trial by jury?

1. The evidence, without conflict, shows that in October, 1885, the plaintiff purchased an undivided share of the dam and ditch which entitled him to the use of one-eleventh part of the water thereby diverted, and that he has owned the same ever since; that in May, 1887, he assisted the defendants in their work of repairing and tightening the dam so that it would divert five hundred and fifty inches of water, the largest quantity shown to have been diverted; that in the years 1886 and 1887 he used his proportion of the water diverted, or such part of it as he needed, to irrigate his land purchased with his interest in the ditch; that he had notice of the original construction of the dam and ditch, and of the diversion of the water thereby ever afterwards, and acquiesced therein without objection until he commenced this action.   Surely this evidence strongly tends to prove that he consented to the acts in which he participated for his own benefit, and, in the absence of conflicting evidence, was amply sufficient to justify the finding that he did consent.

On this appeal, as on the former, it is insisted that the consent of plaintiff was not pleaded as a defense, and, therefore, that the finding of consent has no foundation in the pleading.   On the former appeal it is said that this finding was responsive to the issue as to whether plaintiff was damaged or injured by the acts to which he consented.   From this Mr. Justice De Haven dissented, but said: " But this appeal is upon the judgment-roll without any bill of exceptions, and upon this record the presumption is that the evidence by which this defense was established was received without objection, and that the case was tried by consent of the parties, as if such defense had been specially alleged.   This being so, appellant should not be permitted to urge here for the first time that no such issue was made in the court below."

Upon this ground Mr. Justice De Haven concurred in the former judgment.   Since the record upon this appeal, including the statement on motion for new trial,

shows no objection to the evidence of plaintiff's consent, the presumption must remain the same as on the former appeal; so that the former judgment is the law of this case, not only as to the effect of plaintiff's consent, but also as to the presumption that the issue was tried by consent of the parties as if the defense had been specially alleged.

It is the *consent of the plaintiff* to the acts complained of which constitutes the defense upon which the judgment on the former appeal rests, and not the fact that the plaintiff was a tenant in common with defendants in the dam and ditch, as counsel for appellant seems to understand. The tenancy in common is but a circumstance, connected with others, tending to prove such consent, and is not relied on as being equivalent to consent; nor even as being, of itself, sufficient evidence of consent. It may be conceded that plaintiff might have become a tenant in common with defendants in the dam and ditch in question without prejudice to any prior rights he may have had to divert water from the same stream through other ditches, in which case his cotenants, *without his consent*, would be entitled to only the surplus water after supplying his prior rights; yet his consent to the diversion by his cotenants to the extent found in this case (there being no pretense that it was greater than found) is a complete defense to this action, without regard to his alleged prior rights; and, therefore, it is unnecessary to consider any question as to priority of right independently of such consent.

2. The denial of plaintiff's demand for a trial by jury seems to be justified by section 592 of the Code of Civil Procedure, as construed and applied in the case of *McLaughlin* v. *Del Re*, 64 Cal. 472. So far as this question is concerned, that case cannot be distinguished from this.

All points made by appellants other than those above considered are deemed immaterial.

The order is affirmed.