[Sac. No. 868.    Department Two.—February 25, 1902.]

J. CHURCHILL, Respondent, v. A. J. LOUIE, Appellant.

WATER RIGHTS—ACTION TO RESTRAIN DIVERSION—ANSWER—PRESCRIPTION.—In an action to restrain the diversion of a stream, and for damages, where the answer does not plead a prescriptive right by reference to the proper section of the statute of limitations, but assumes to plead merely a prescriptive right, it must set forth all the elements of such right, and where it merely alleged that the use was adverse, without stating to whom, and without averring that the use was exclusive and adverse to the plaintiff, it is insufficient.

ID.—INJUNCTION SUIT—JURY TRIAL—GENERAL VERDICT—FINDINGS.—
The defendant is not entitled to a jury trial of all the issues in an
injunction suit. Where a jury trial is permitted in such suit, the
verdict, whatever its form, is only advisory as to the equity features
of the case, if not so as to the damages. If the verdict was general,
and was adopted by the court as to the damages, the defendant
cannot complain. The court properly made full findings upon the
question of the right to the injunction, which were supported by
the evidence.

ID.—ENTRY OF JUDGMENT BY CLERK.—The case is not one in which the
clerk is authorized to enter judgment upon the verdict within twen-
ty-four hours, under section 664 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Sis-
kiyou County and from an order denying a new trial. J. S.
Beard, Judge.

The facts are stated in the opinion.

Warren & Taylor, for Appellant.

Gillis & Tapscott, for Respondent.

CHIPMAN, C.—Action to restrain defendant from divert-
ing the waters of Butte Creek, Siskiyou County, and for
damages.

The cause was tried by a jury, and a general verdict was
rendered for plaintiff, assessing his damages at five hundred
dollars. The court made full findings of facts, and found, as
did the jury, that plaintiff was damaged by defendant in the
sum of five hundred dollars; that plaintiff was entitled to
the uninterrupted flow of one thousand inches of water, under
a four-inch pressure, flowing through the stream, and decreed
that defendant be restrained from diverting any of the waters
of the creek "when there is not to exceed one thousand
inches of water, measured under a four-inch pressure." De-
fendant appeals from the judgment and from the order deny-
ing his motion for a new trial.

Defendant presents but two questions:—

1. It is contended that the court erred in refusing defend-
ant certain testimony in support of his defense of adverse
use of the waters of the creek. The allegation of the answer
was as follows: "And for a further answer defendant shows:
That he and his predecessors have during the period of eleven

years and more last past, and openly, notoriously, peaceably, adversely, uninterruptedly, and under a claim of right and title thereto, used and appropriated eighty inches measured under a four-inch pressure, of the water of said Butte Creek, for irrigating his said lands, and that such use is necessary and proper therefor.'' When the offer was made, plaintiff objected that the evidence is incompetent, irrelevant, immaterial, and not within the issues of the case, and the further objection that it does not present a defense, and the answer does not plead a prescriptive right or any adverse use sufficient to give title. In sustaining the objection, the court remarked: ''I will allow you to introduce proof on the appropriation, but not on the adverse claim, . . . the claim of prescriptive right. I will allow proof as to the use of the water in rebuttal of plaintiff's case as to quantity and continuation of the use,—that is, as a defense to that portion of it,—under an affirmative right, not a prescriptive right, under the answer. I will allow you to file an amendment to the answer if you wish.'' Defendant rested on his exception, and did not offer to amend his answer. It was said in *Alhambra etc. Water Co.* v. *Richardson,* 72 Cal. 598, that ''prescription and limitation are convertible terms, and a plea of the proper statute of limitations is a good plea of a prescriptive right. The language of decisions with reference to water rights has been in accordance with this view.'' Defendant could have pleaded the statute as provided in section 458 of the Code of Civil Procedure by reference to the appropriate section. He did not do this, but chose to plead the facts constituting the limitation or prescriptive right. In doing so it was incumbent on him to plead all the elements entering into a prescriptive right. (*Manning* v. *Dallas,* 73 Cal. 420.) Had the point not arisen when the proof was offered, and had the parties proceeded on the assumption that the right was well pleaded, it would be too late now to object (*Alhambra etc. Water Co.* v. *Richardson,* 72 Cal. 598) ; but the question was fairly presented, the objection was timely made, and the court gave defendant the opportunity to amend, which he declined. Was the prescriptive right sufficiently pleaded? We think not. It is not alleged that the use was exclusive or adverse to plaintiff. It does not appear against whom the use was adverse, nor that it was adverse to any one. Inasmuch as ac-

tual notice was not alleged, it was necessary to allege the use in such manner as to impart constructive notice. (*Thompson v. Felton,* 54 Cal. 547.) In *Oneto* v. *Restano,* 78 Cal. 374, the finding of the court relating to the waters of a certain spring was, that "the possession, claim, and use of the defendant and his grantors, as in these findings set forth, has been quiet, peaceable, open, and notorious." The court said: "This finding is clearly insufficient in that it does not state that the use was adverse or continuous" (citing *Unger* v. *Mooney,* 63 Cal. 595[1]). The answer alleged that the defendant used the water "adversely," but this was not an allegation that the use was adverse to plaintiff. In *Alhambra etc. Water Co.* v. *Richardson,* 72 Cal. 598, the finding was "adversely to the whole world," which, of course, would have included plaintiff, if the phrase had been used in the present case. If it be conceded that the term "uninterruptedly" is the equivalent of "continuously," and that the term "adverse" meant "in hostility," still it was necessary to show that the use was exclusive, and that the adverse use was adverse to plaintiff. For all that appears, the use might have been in hostility to some other person but subordinate to plaintiff.

2. The cause was tried October 30, 1899, and after full instructions the jury rendered their verdict. On January 5, 1900, the court made its findings of fact, conclusions of law, and entered judgment for plaintiff. In the findings of fact the court finds that the jury rendered the following verdict (setting it out), and then proceeds to make full findings of fact, which need not be here repeated.

In the judgment the verdict is set forth, and the court on the verdict and on the findings adjudged that defendant be restrained from using the waters of said creek in any manner so as to prevent the same from flowing to plaintiff's premises to the extent of one thousand inches, measured under a four-inch pressure, but leaving to defendant any excess of that quantity that may flow in the said creek.

Appellant contends that the judgment is void, because the court neither entered judgment on the verdict within twenty-four hours nor set it aside, and that its duty was to do one or the other (citing section 664 of the Code of Civil Procedure). It is also contended that defendant was entitled to a trial by

---
[1] 49 Am. Rep. 100.

the jury of all the issues in the case, and that the court had no right to make findings of fact, as it was the province of the jury to pass upon all the issues of fact and either present special findings or a general verdict (citing section 625 of the Code of Civil Procedure); and that the court was powerless to do more than set the verdict aside. This was not such a case as would authorize the clerk to enter judgment on the verdict under section 664; there were questions of purely equitable cognizance which the court alone could determine, and if the jury had been directed to find specifically on questions of this character, their finding would not have been conclusive on the court. The section referred to is directory, and it was not necessary to the validity of the judgment that it should be entered within twenty-four hours. If the judgment had been such a one as the clerk could enter, defendant might have moved the court for an order directing him to do so. (*First National Bank* v. *Wolff*, 79 Cal. 69.) Appellant errs in assuming that he had a right to try all the issues before a jury, and that the court had no power to make findings. He relies on *Donahue* v. *Meister*, 88 Cal. 121,[1] which was an action in form to quiet title. That case is instructive as defining the right to a jury under section 738 of the Code of Civil Procedure, but the court was careful to limit the decision to a case "where the answer shows that the defendant was rightfully in possession, and was ousted by plaintiff, and wrongfully kept out of possession," and it was said, "upon the trial of those issues the defendant is entitled to a jury." In *Crocker* v. *Carpenter*, 98 Cal. 418, the action was to quiet title, and *Donahue* v. *Meister*, 88 Cal. 121,[1] was distinguished and explained and it was shown to apply to cases where the issues were of a purely legal character. It was held that defendants were not entitled to a jury for the trial of the equitable issues presented. In the case at bar there was a jury, and the verdict determined all the legal issues in favor of respondent.

The principal equitable issue was whether defendant should be enjoined from interfering with plaintiff's use, which it is alleged and found would, if continued, be to his irreparable injury. We cannot see that the case differs materially from *McLaughlin* v. *Del Re*, 64 Cal. 472, and *Churchill* v. *Baumann*, 104 Cal. 369. In the latter of these cases the chief justice

---

[1] 22 Am. St. Rep. 283.

said, in a dissenting opinion, that on the question of damages plaintiff was entitled to a jury. Even if this be conceded, defendant cannot complain, because he had a jury, and it assessed the damages, and the court adopted the verdict. Besides, it appears that defendant is not injured by the findings of the court, since the verdict was general, and it is not claimed that any findings of fact were not supported by the evidence, nor is it contended that any finding is not included in the general verdict. Conceding the findings to be unnecessary, they were harmless. But they were clearly proper for the disposition of the equitable branch of the case.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.