GONZÁLEZ *v*. THE SAN JUAN LIGHT AND TRANSIT CO.

APPEAL from the District Court of San Juan, Section 1.

No. 563.—Decided February 2, 1911.

DAMAGES CAUSED BY FAULT OR NEGLIGENCE.—The action instituted in the case at bar, the object whereof is to recover an indemnity for damages caused to the plaintiff by the death of one of her sons, through the fault or negligence of the defendant company, is authorized by the provisions of section 1803 of the Civil Code, which constitute our substantive law in the matter.

ID.—RECOVERABLE DAMAGES.—Only such damages as have been really and actually caused can be recovered in these cases, and, therefore, to enable the court to decide as to the damages sustained by the plaintiff it is necessary to show that they actually exist and to substantiate the facts which are to serve as basis for determining the amount of the indemnity.

ID.—INDEMNITY IN CASES WHERE VICTIM HAS DIED.—In such cases as the one at bar, where the mother exercises an action arising from the death of her son, the plaintiff is entitled to be indemnified only for the damages sustained through the loss of her son's services, but she would never have a right to the indemnity which said son could have demanded had he not died, or which arose from the wounds sustained by him through the accident. In such cases the indemnity extends only to what the son was in the habit of giving for the support of his mother and of which she is deprived by reason of his death.

ID.—AMOUNT OF INDEMNITY.—For the purpose of determining the amount of the indemnity referred to in the foregoing paragraph it is necessary to prove what money the son was earning, or was accustomed to earn, as otherwise the court would have no basis upon which to make an estimate of the existing damages and determine the amount thereof.

ID.—STATUTES OF LIMITATION—PRESCRIPTION.—Although the provisions in force
in the matter of prescription are to be found in the Civil Code, as regards
their application to this case they possess an adjective character. Prescrip-
tion differs from the statutes of. limitation in that the latter affect the
procedure but do not affect the law. Their object is to prevent the party
from exercising his action, and they are inspired by principles of public
order; whereas prescription confers a title or a right, especially in cases of
real property held for a long period of time.

ID.—INTERRUPTION OF PRESCRIPTION.—The provisions of section 1874 of the
Civil Code do not prevent the prescription from again running as soon as
the judicial proceedings are terminated by the voluntary act of negligence
of the plaintiff.

ID.—ABANDONMENT OF ACTION OR ITS DISMISSAL BY WILL OF PLAINTIFF.—The
interruption of the prescription by the exercise of the judicial action occurs
when the plaintiff prosecutes his action to its termination; but if he aban-
dons the same, *desists* therefrom, or allows it to be dismissed, the immediate
effect is the same as if such action had never been instituted, the *status quo*
being then restored, and the period of prescription reckoned from the moment
the cause of action arose.

The facts are stated in the opinion.

*Mr. Eduardo Cautiño* for appellant.

*Mr. Henry F. Hord* for respondent.

MR. JUSTICE MacLEARY delivered the opinion of the court.

This is an appeal from the First Section of the District
Court of San Juan seeking to reverse a judgment therein
rendered on December 1, 1909, in favor of the defendant. This
suit was initiated in the District Court of San Juan through
a complaint presented by Ramona González Soto, alleging
therein that the defendant company, the San Juan Light and
Transit Co., had negligently caused the death of Juan Cór-
dova Soto, son of the plaintiff, in the ward of Santurce, be-
tween stops 21 and 22, on the trolley line of defendant, about
December 2, 1904, the father of the deceased not appearing
also as a complainant on account of his death having occurred
after that of his son but previous to the filing of the com-
plaint.

After the usual delays in the preparation of the case, a
trial was had in the district court on November 17, 1909, and
evidence introduced by the plaintiff, but none by the defend-
ant, who, on the conclusion of the testimony offered by the

plaintiff, virtually demurred to the evidence in a motion for judgment based on the following grounds:

"First. Because the plaintiff has not shown in this case that, on account of the death of her son, Juan Córdova Soto, she has sustained any damage.

"Second. Because it appears from the proof that the occurrence was an inevitable accident.

"Third. Because it appears from the facts admitted as proven that the death of Juan Córdova Soto was caused by his own fault and negligence.

"Fourth. Because it appears from the facts proven that this action has prescribed."

The court took the matter under advisement and, after several days' deliberation, on December 1, 1909, rendered a judgment in favor of the defendant, substantially in the following words:

"And the court, considering the allegations, the evidence of the plaintiff, the motion of the defendant, and the arguments made by the parties in regard to the same, for the reasons stated in the opinion rendered in this case, decides that the facts and the law are against the plaintiff and in favor of the defendant, inasmuch as said plaintiff has not shown the existence of any damages nor the amount of same; and therefore Ramona González Soto, the plaintiff, has no right to recover anything from the defendant on account of the death of her son, Juan Córdova Soto, which occurred on December 2, 1904, and which was caused by a trolley car of the defendant company."

The second and third grounds on which the defendant claims to recover judgment are not sustained by the evidence, which preponderates on these points in favor of the plaintiff; so they will be disregarded and we pass to the first and fourth grounds alleged without further discussion.

It is apparent that the decision of the trial court was based entirely on the first point presented by the defendant in its motion, which we will proceed to consider.

As matter of damages it was substantially alleged by the plaintiff that said Juan Córdova Soto was earning by his daily labor as much as $2 a day and was supporting his par-

ents; and that said amount of $2 a day represented the income from a capital of $6,000 at the rate of 1 per cent monthly, of which income the plaintiff, the boy's mother, had been deprived by the death of her son, caused through the negligence of the defendant company.

As to the evidence introduced by the plaintiff in regard to damages, it was shown thereby that for some time previous to the death of the boy, Juan Córdova Soto, he was in the employ of the firm of Mora & Fresas, at Arecibo, but at what wages does not appear from the evidence; and it was further proven that he had been in San Juan 13 days before he died, but it was not shown what his occupation was while in this city, nor how much, if anything, he was earning. Nor does it appear from the evidence that the plaintiff derived any benefit from the wages of the boy who was killed, nor that he contributed anything to her support whatever may have been the amount of his wages at any time.

At the time of the accident which caused the death of the boy, Juan Córdova Soto, both his parents were alive, but his mother, Ramona González Soto, is sole plaintiff herein, and her husband, the father of the boy, was not joined as a plaintiff in the suit, because he died shortly after the demise of her son and before the bringing of this action.

We have stated said first ground alleged for reversal in the form in which it has been expressed by counsel for the defendant; but possibly it might also have been set forth more clearly as follows: "Even supposing that the plaintiff had shown that the death of her son had been caused through the negligence of the defendant company, could damages be awarded her without showing by proof their existence and the amount thereof?"

Our Civil Code now in force, in section 1803, reads as follows:

"A person who by an act or omission causes damage to another, when there is fault or negligence, shall be obliged to repair the damage so done."

So that the claim of the plaintiff herein is sustained by this precept of the law which establishes her right to be indemnified by the defendant for the damage caused her on account of the death of her son, if said death was brought about by any act of omission of said company, through its fault or negligence.

This is our substantive law in the matter of damages and it is in accordance with its provisions, as interpreted by the ruling jurisprudence, that courts should decide questions submitted to them for decision, and therefore the plaintiff is entitled, in cases where there may exist fault or negligence on the part of the defendant company, to recover from the defendant company the damages that may have been actually caused to her, whatever they may be.

In the opinion of the trial judge a discussion is had of six decisions of the Supreme Court of Spain as commentaries on section 1804 of the Civil Code. Five of these cases relate to damages for breach of contract and the like, and do not apply to cases of tort like the present. One of them is based on similar facts to the case at bar, and does not sustain the position taken by the court below as to the interpretation of the statute. It is the one rendered on December 14, 1894, which is fully discussed by this court in its opinion recently rendered in the case of *Alejandro Díaz* v. *San Juan Light and Transit Co.* (17 P. R., 64), to which reference is made. We feel obliged to follow the doctrine announced in the latter case, resting as it does not only on the Spanish case cited, but on the decision of this court rendered on April 20, 1909, in the case of *Rafael Zalduondo* v. *Máximo Sánchez* (15 P. R., 216), in which the doctrine of the American jurisprudence is followed. So it is that, though we approve the finding of the trial court in this matter in favor of the respondent, we do not approve the reasons on which it is founded.

As may be seen, this jurisprudence is in accordance with the legal precept of the code that only those damages actually

caused may be awarded, and, therefore, to enable the court to decide what damages have been caused, it is necessary to · prove the real existence of the damages and the corresponding facts from which the court can deduce the amount thereof.

Of course, the plaintiff makes a claim only for herself for pecuniary loss sustained by her on account of the death of her son, and the boy himself does not make any claim because he did not live to do so; hence the mother would never have been entitled to any other damages than those arising out of the loss of the services of her son, and never to those damages which he himself might have been entitled to claim had he not died, or arising from the injuries that he himself might have suffered on account of the accident. The damages which would give the plaintiff in this case a right to recovery against the defendant are only the loss of support, or contributions thereto, which the son was accustomed to make to his mother from his earnings and of which she may have been deprived by his death. But does the evidence introduced by the plaintiff support her claim to recover such damages?

We are of the opinion that it does not, because she has not proven that her son was really earning the amount alleged in the complaint, nor any other sum whatever, nor how much money he was earning by his work either in Arecibo or in San Juan during the days immediately preceding his death or at any time. And we are of the opinion that this is a necessary requisite, because, as the Civil Code declares that recovery may be had for the damage caused, the damages accruing to the plaintiff must be shown so that the trial judge may have data on which to base his decision.

In this action no evidence whatever has been produced in this respect. The only fact proven in regard to this point is that Juan Córdova Soto was killed by a collision with the trolley car; that he was earning something when he was previously in Arecibo. It is not shown what occupation he had,

nor how much money he earned while he was there nor while he was in San Juan, nor is it shown that his mother derived any benefit from his wages; and from this evidence the court cannot consider as proven the amount of the damages, nor even their existence. It has not been shown that the death of her son caused any material or pecuniary damages to his mother, the plaintiff herein, nor the amount thereof.

Therefore, an essential requisite for a judgment against the defendant company is lacking, and even supposing that she had an action for damages through negligence of the company in the death of the boy, we could not find a judgment against the defendant company, for lack of evidence in regard to the existence of the pecuniary damages sustained and facts from which to infer the amount thereof. Therefore, the defendant's motion for a judgment in its favor on this first ground was properly sustained.

The judgment could be sustained on this ground alone; but it is also clear that the judgment could be affirmed on the fourth point presented by the defendant in its demurrer to the evidence, namely, that the action was barred by the statute of limitations, or, as it is expressed in the motion, has prescribed.

Notwithstanding the fact that our law of prescription, or the statute of limitations, is embodied in the Civil Code, yet, in so far as it is applicable to this case, it is clearly a part of our adjective law or procedure. Statutes of limitations do not touch the right but only the remedy.

A certain difference exists between *limitation* and *prescription*. The statutes of limitations, so general in the American judicial system, are generally founded on the original English statute passed in 1623 (21 Jac. I. C., 16), and were not intended to affect the right of the plaintiff to his action, but only in the interest of public peace and repose to cut him off after a certain lapse of time from his remedy. Prescription confers a right or title, especially in regard to real estate in possession of a party for a long term of years,

or to an easement therein. It is drawn from the Civil Law and comes to us from the Spanish *Partidas.* It exists in Louisiana in its codes and has many of the same effects under them in regard to personal actions that statutes of limitations have in other States. See volume 33 of the Century Digest, under the heading "Limitation of Actions," section 577, column 1012, citing several decisions of the Lousiana courts where they have in force a Civil Code similar to ours in Porto Rico. In the Cyclopedia of Law and Procedure the distinction between the two terms "limitation" and "prescription" is clearly drawn in such apt words that we will quote them, as follows:

"According to some writers the term 'prescription' covers both senses in which the word 'limitation' has been used—that is to say, as conferring a right and as taking away a remedy merely. On the other hand, however, the difference between a statute of limitation and the law of prescription has been declared to consist, as a general rule, in this: That the former takes away a remedy and the latter confers a right. But prescription and limitation are convertible terms as applied to easements, or, it is held, so far as the title to property is concerned, or at least so far as the title to real property is concerned." (25 Cyc., 984.)

This proposition is sustained in Angell on Limitations, sections 1 and 2, and in the opinions rendered in the following cases: *Campbell* v. *Holt,* 115 U. S., 622; *Alhambra Addition Water Co.* v. *Richardson,* 72 Cal., 598; *Churchill* v. *Louie,* 135 Cal., 608.

Our Civil Code, in its section 1831, says:

"Ownership and other property rights are acquired by prescription in the manner and under the conditions specified by law. Rights and actions, of any kind whatsoever, also are extinguished by prescription in the same manner."

The *right* in certain cases seems to be extinguished and in others *actions* are barred by prescription. Thus in personal actions, on torts or for the recovery of debts and the

like, prescription is virtually the same as limitation under the American system.

The right to a recovery of the damages sustained might clearly appear from the evidence, still, if the plaintiff had not instituted her action within the time prescribed by law, on the pleading of such a statute by the defendant the courts would be powerless to afford plaintiff any relief.

This boy was killed on December 2, 1904; and the plaintiff, his mother, on November 15, 1905, 17 days within the year fixed by the statute of limitation, filed suit against the street-car company for damages occasioned by his death. On September 20, 1907, nearly two years thereafter, this suit was dismissed for want of prosecution, the plaintiff having failed to appear. On September 10, 1908, 10 days within the year therefrom, the present action was brought on the same state of facts and between the same parties.

Three views may be taken of the question of prescription or limitation, whichever term may be used, under this state of facts.

First. That the statute having been interrupted by the first suit, the time only begins to run from the date of the dismissal on September 20, 1907, and hence that the 12 months had not run on the filing of the complaint on September 10, 1908.

Second. That the first action only suspended the running of the statute of limitations during the time it was pending on the docket—that is to say, from November 15, 1905, till September 20, 1907, during 22 months and 5 days, and that thus there had elapsed one year, nine months, and three days during which no suit was pending between the time when the cause of action arose and the filing of the complaint, and, consequently, the action was barred.

Third. That the first suit which was filed having been dismissed through the neglect of the plaintiff had no effect on the running of the statute, and so four years, seven months, and eight days had elapsed during which suit might have

been brought without effective action by plaintiff, and in consequence thereof the action was barred.

It is provided in the second paragraph of section 1869 of our Civil Code that actions like that at bar prescribe in one year. And by section 1874 of the Civil Code it is declared that "Prescription of actions is interrupted by their institution before courts,  *  *  *," etc. But this does not prevent the time from beginning to run again on the discontinuance of the proceedings in courts by the voluntary action or the neglect of the plaintiff. In section 1847 of the Civil Code it is provided that judicial citation shall be considered as not having been made and shall not cause interruption of the statute of limitations in three cases, the *first* of which does not apply; and the *second* of which is where the plaintiff may withdraw his complaint or may permit the proceedings to lapse; the *third* being applicable to real actions only. The second clause of this section might seem to relate to the case at bar, in which the plaintiff permitted the proceedings to lapse and virtually withdrew her complaint. But the Supreme Court of Spain has construed this section of the Civil Code and held that the institution of a suit is an interruption of the statute of limitations instead of a mere suspension, as might be supposed. That high tribunal holds that these sections of the Civil Code must be harmonized with article 419 of the Spanish Law of Civil Procedure, which provides that the lapse of the first proceeding does not extinguish the action; but that in case the action is not barred in accordance with the law, it may be exercised again in proper judicial proceedings. (See judgment of the Supreme Court of Spain of January 4, 1901, 9 *Jurisprudencia del Código Civil,* pp. 119 and 120.) Manresa's commentaries on section 1946 are to the same effect. He says: "The interruption of the prescription which extinguishes the right of ownership is at once effectively produced by filing or interposing the complaint, or by any other act in which the action, which otherwise would have prescribed, is exercised; and by

virtue of the same, it is necessary to begin anew to reckon the term; when the effects of said exercise cease, either on account of the voluntary desistance, or abandonment (of the action) on the part of the plaintiff, or by reason of the prescription of the proceedings in the suit, or in consequence of the judgment rendered in the case; and in no case can the the time prior to the interruption be accumulated with the time that may elapse after the same.'' (12 Manresa, *Comentarios al Código Civil,* p. 884.) Then the first view set out above is the one taken under our code; and if we apply it thus, according to the Spanish jurisprudence, the action should not be barred.

Notwithstanding the doctrine established by the Supreme Court of Spain and the opinion of the commentator, Manresa, we will decide this legal question in accordance with the principles well established in American jurisprudence; because in our opinion as judges we find the latter more in harmony with equity and justice and with the spirit of the law itself.

The third and last view appears to us to be correct and thus sustained by the American authorities.

We note the following legal precepts which appear to us to be applicable to the case and of controlling force in the premises:

"Where legal proceedings are commenced to enforce a right before the statute has run against it, no lapse of time after the commencement of such proceedings will operate as a bar to the enforcement of that right. The fact that judgment in the action is not entered until the period of limitation has expired will not alter the rule.'' (25 Cyc., p. 1288.)

"If plaintiff fails in his action, or, having succeeded, the judgment expires or ceases for any reason to have operative force, conditions will remain the same as if the action had never been commenced.'' (25 Cyc., p. 1289.)

"While it has been held that the actual commencement of a suit is sufficient to stop the running of the statute of limitations, without any regard to, or dependence on, any after diligence of plaintiff in its prosecution, it seems to be well established that if a suit is voluntarily

abandoned, or dismissed, or is not proceeded with for a considerable period of time, the operation of the statute will not be suspended.'' (25 Cyc., p. 1290.)

Where a plaintiff prosecutes an action to its termination such a prosecution is the interruption of which the law speaks. Where, however, the plaintiff abandons the action, discontinues it or causes or suffers a dismissal, the ensuing condition is as if the action had never been brought. The *status quo* is restored and the statute runs from the time the cause of action arose, having been merely suspended in the interim. The statute is for the repose of society and the defendant may not be molested by desultory actions not persisted in. The case is different where the plaintiff prosecutes the action and causes a true interruption.

The Supreme Court of Missouri, in 1895, admitting that the cause of action was suspended during the pendency of an action successfully prosecuted and during the life of the judgment, says: ''Of course, if the plaintiff had failed in his action of ejectment, or, having succeeded, the judgment had expired, or ceased for any reason to have operative force, the possession would remain the same as if the suit had never been commenced.'' (*Snell* v. *Harrison,* 52 Am. St. Rep., 646.)

And the same view is taken by the Federal courts, as is shown by their decisions. The Circuit Court of the United States, speaking through Mr. Justice Story, says: ''A suit commenced, and afterwards discontinued, will not aid the plaintiff in another suit, even in the same court for the same cause of action.'' (*Delaplaine* v. *Crowninshield,* 7 Fed. Cases, No. 3756, p. 388.)

To the same effect is the decision in *Clark* v. *Hackett,* 5 Fed. Cases, No. 2823, page 879. This case was affirmed by the Supreme Court of the United States (66 U. S., 77), but without making reference to the question of prescription.

Then clearly the cause of action, no matter how good it may have been in the beginning, was barred by limitation

and the case was properly dismissed. The judgment of the district court must consequently be affirmed.

*Affirmed.*

Justices Wolf and del Toro concurred.

Chief Justice Hernández and Justice Aldrey did not sit at the hearing of this case.